IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROGER HOPKINS and ADAM HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-165 |
| | ) | |
| EASTMAN OUTDOORS, INC., d/b/a | ) | |
| CARBON EXPRESS, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

On September 11, 2014, the parties filed a Rule 26(f) report in which they jointly requested a stay of the discovery period, (doc. no. 17, ¶ 5), pending a ruling on Plaintiff's motion to remand, (doc. no. 5). Upon consideration, and for the reasons set forth below, the Court **GRANTS** the request.

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988)). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Feldman, 176 F.R.D. at 652 (internal citation and quotation omitted).

Here, Plaintiff has joined in the request to stay all deadlines, (doc. no. 17), and does not contend that he cannot properly oppose Defendant's motion in the absence of discovery. In addition, remand

would obviously change the governing discovery rules and procedures. In the interest in judicial economy, the Court finds that a stay of discovery is appropriate. See Feldman, 176 F.R.D. at 652

Thus, the Court hereby **GRANTS** the parties' request (doc. no. 17) and will not set discovery deadlines unless the motion to remand is denied, in which case the parties shall confer and submit a proposed joint scheduling order within seven days of the District Court's ruling. Such order should include date-certain deadlines through the filing of summary judgment motions.

SO ORDERED this 22nd day of September, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA